RECEIVED
NOV - 1 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

Katherine Baumann, )
Plaintiff )
)
)
v. ) Case No._____
) (To be assigned by Clerk of District Court)
Special School District of St. Louis County, )
Defendant(s) )
)
) JURY TRIAL DEMANDED
) yes
)

## EMPLOYMENT DISCRIMINATION COMPLAINT

1.  This employment lawsuit is based on:

## PARTIES

2.  Plaintiff's name: Katherine Baumann

    Plaintiff's address:    7624 Vermont Ave., Rear
                            St. Louis, MO 63111

    Telephone number:   (573)-529-0345

3.  Defendant's info:

    Special School District of St. Louis County

    12110 Clayton Rd.

    St. Louis MO 63131

    (314)989-8100

4.  If you are claiming that the discriminatory conduct occurred at a different location, please provide the following information:

    200 Day Dr.

Saint Louis county,
St. Louis MO 63135

5. When did the discrimination occur? October 9, 2015 through August 3, 2016

## ADMINISTRATIVE PROCEDURES

6. Did you file a charge of discrimination against the defendant(s) with the Missouri Commission on Human Rights? yes. Date Filed: July 20, 2016

7. Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?
yes.   Date Filed: July 20, 2016

8. Have you received a Notice of Right-to-Sue Letter? yes.
If yes, please attach a copy of the letter to this complaint.

9. If you are claiming age discrimination:

## NATURE OF THE CASE

10. The conduct complained of in this lawsuit involves: failure to accommodate
11. Did you complain about this same conduct in your charge of discrimination? Yes.
I believe that I was discriminated against because of my:
- disability,

Did you state the same reason(s) in your charge of discrimination?
yes

12. State here, as briefly and clearly as possible, the essential facts of your claim.
Describe specifically the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. It is not necessary to make legal arguments, or to cite cases or statutes.

A. In October of 2015, the defendant placed the plaintiff on Administrative Leave. The defendant refused to except the plaintiff's personal physician's recommendation that plaintiff was "fit for duty" and be returned to work with appropriate accommodation, as allowed by the Americans with Disabilities Act of 1991, which allow the plaintiff to be further successful in position and resolve defendant's questions related to plaintiff's "fit for duty" and ability to complete all aspects of job. The defendant's physician refused to accept the plaintiff's physician recommendation that the plaintiff was "fit for duty" and should be returned to work with appropriate accommodations, as provided by the American with Disabilities Act of 1991, and refused to allow plaintiff to return to work. The defendant will not accept plaintiff's personal physicians

       medical release and refuses to pay for a third party opinion to resolve matter to return the plaintiff to work. The defendant has failed to accommodate the plaintiff and has failed to engage in the interactive process to successfully return the plaintiff to work because of the plaintiff's disability. The defendant perceives the plaintiff as disabled and has record of the plaintiff's disability, acting in violation of the American with Disabilities Act of 1991, as amended.

13.    The acts set forth in paragraph 12 of this complaint:
       may still be being committed by defendant.

14.    Additional Information:

       The plaintiff had worked for the defendant since October 2011. The plaintiff had always received excellent performance reviews while working for the defendant. The plaintiff's never received complaints from parents about the work accomplished with their students, the plaintiff was well regarded by parents for the level of effort and effectiveness the plaintiff had in working with students. The plaintiff was well regard amongst other staff member, who saw the plaintiff working hard to meet student needs that allowed for student success and caused higher achievement amongst students the plaintiff taught.

       The plaintiff has data proven results that show student growth and progress in the educational setting based on her teaching. Other staff, who worked closely with the plaintiff, held the plaintiff in high regards, as a dedicated and excellent teacher, who worked hard to meet student needs used. Staff, who work closely with the plaintiff, were shocked by the actions taken by the defendant against the plaintiff that caused the plaintiff to be removed from the work place and not allowed to return.

       The plaintiff is a dedicated professional with multiple advanced degrees in her field. The plaintiff was well accomplished in her work, and past co-workers, professors, and individuals who know the plaintiff personally, regard the plaintiff, as an excellent teacher, do not understand the defendant's claim and refusal to work with the plaintiff to return the plaintiff to the work place and accommodate the needs of the plaintiff to be more successful in the work place setting, which the plaintiff had shown to be capable of doing throughout her career and life.

       Any issues the defendant claims with plaintiff's work performance and reasons to not return the plaintiff to work and accommodate the plaintiff needs based her disability are related to plaintiff's disability. The defendant was responsible for creating the specific conditions that caused any claims the defendant has made about the plaintiff's ability to not be able to perform her job based on her disability. The any issues the defendant claims about their belief in the plaintiff's "fitness for duty" and her ability to do her job success are all issues, which the defendant could address through providing the defendant reasonable accommodation in the work place to have prevented such conditions from ever arising again for the plaintiff in the work place.

       The defendant's refusal to accommodate the defendant's disability has caused harm the plaintiff's professional and personal life, caused lose in career fulfillment, caused harm to plaintiff in terms of financial loss and economic harm, has caused

the plaintiff to experience and suffer mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress, which has greatly affected the plaintiff's life and functioning in life. These harms caused to the plaintiff could have been prevented by the defendant, if the defendant had worked with the plaintiff to resolve an issues defendant claims about the plaintiff's ability to work due to plaintiff's disability and provided the plaintiff with appropriate accommodations in the work place, as allowed by the American with Disabilities Act, that would have resolved any issues the defendant had with the plaintiff's ability to perform the job based on the plaintiff's disability and increased the success of the plaintiff with in the position.

## **REQUEST FOR RELIEF**

State briefly and exactly what you want the Court to do for you. Make no legal arguments; cite no cases or statutes.

The plaintiff wants the defendant to compensate the plaintiff for lost wages, economic loss related to defendant's action against the plaintiff, damages related to professional career, and damages related to mental health and well-being of plaintiff.

_____
Signature of Plaintiff

Katherine Baumann, Plaintiff, v. St. Louis Special School District, Defendant.

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

OCTOBER 28, 2016

Complaint

**TITLE: COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Katherine Baumann ("Plaintiff" or "Ms. Baumann"), as and for her Complaint in this action against Defendant Special School District ("Defendant" or "SSD"), hereby alleges as follows:

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices and retaliation against Plaintiff, including Defendant's unlawful discrimination, harassment and retaliation against Plaintiff because of her disabilities, and because of her repeated complaints about such unlawful discrimination, harassment and retaliation, in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title [*2] VII"); the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA"); the Missouri Human Rights Law.

2. Over the course of Plaintiff's nearly employment history with SSD, Defendant repeatedly subjected Plaintiff to unlawful discrimination and harassment because of her disabilities, as well as to unlawful retaliation. The blatantly hostile work environment at the School includes the frequent use by Plaintiff's co-workers and direct supervisors of derogatory comments and/or notes,

3. Defendant's conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, permanent harm to her professional and personal reputation, and severe mental anguish and emotional distress.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII, Section 1981 and the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

**PARTIES**

6. Plaintiff, Katherine Baumann, is a resident of the state of Missouri who suffers from a form of Autism and ADHD. From in or around October 2011, Ms. Baumann was an employee of SSD and annually had always received good reviews of her work. And al all relevant times Ms. Baumann has met the definition of an "employee" under all applicable statutes.

7. Defendant is an entity authorized to conduct business in the State of Missouri with its principle executive office located at 12110 Clayton Road, St. Louis, Mo 63131. At all relevant times, Defendant met the definition of an "employer" under all applicable statutes.

**PROCEDURAL REQUIREMENTS**

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On or about July 20, 2016, Ms. Baumann filed a Verified Complaint on July 20, 2016 with the Equal Employment Opportunity Commission, Defendant with unlawful discriminatory employment practices because of disability.

10. On August 3, 2016 the EEOC issued Mrs. Baumann a notice of right to bring suit in federal district court based on the allegations of unlawful retaliation set forth in the August 3, 2016 Complaint.

11. This action has been filed within 90 days of Plaintiff's receipt of her right-to-sue letters from the EEOC.

12. Any and all other prerequisites to the filing of this suit have been met.

**FACTUAL ALLEGATIONS**

**I. Background**

14. Ms. Baumann is hard working, Missouri resident, who has worked as a school teacher for several years. She is a conscientious and reliable employee who at all times performs her duties in an exemplary manner and gets along well with her colleagues and employers. Until he started work at SSD, she was in good health mentally, physically and emotionally.

15. Ms. Baumann began working at the SSD at the Hazelwood Central Middle school location on October, 3, 2011 when she accepted a position as a paraprofessional. In August 2014, Ms. Baumann changed positions with SDD, as a special education teacher in the Ferguson/Florissant School District.

16. As set forth in greater detail below, throughout her employment with SSD, Ms. Baumann has been subjected to a shocking barrage of discrimination and harassment on the basis of her disabilities. SSD has turned a blind eye to her increasingly desperate plight.

**II. Disability Discrimination, Harassment and Failure to Accommodate**
**A.**
Failure to accommodate the plaintiff with reasonable accommodations that would allow Ms. Bauman to continue to be successful in her special education teaching position, as required by the American with Disabilities Act of 1991. In October of 2015, the defendant placed the plaintiff on Administrative Leave. The defendant refused to except the plaintiff's personal physician's recommendation that plaintiff was "fit for duty" and be returned to work with appropriate accommodation, as allowed by the Americans with Disabilities Act of 1991, which allow the plaintiff to be further successful in position and resolve defendant's questions related to plaintiff's "fit

for duty" and ability to complete all aspects of job.  The defendant's physician refused to accept the plaintiff's physician recommendation that the plaintiff was "fit for duty" and should be returned to work with appropriate accommodations, as provided by the American with Disabilities Act of 1991, and refused to allow plaintiff to return to work. The defendant will not accept plaintiff's personal physicians medical release and refuses to pay for a third party opinion to resolve matter to return the plaintiff to work. The defendant has failed to accommodate the plaintiff and has failed to engage in the interactive process to successfully return the plaintiff to work because of the plaintiff's disability.  The defendant perceives the plaintiff as disabled and has record of the plaintiff's disability, acting in violation of the American with Disabilities Act of 1991, as amended.

Prior to October 2015, there was ongoing series of changes in the plaintiff's work placement and supervisors, which started in January of 2015.  The plaintiff was subjected to harassment from supervisors and hostile work conditions being created for the plaintiff based on the behavior of supervisors. The plaintiff was subjected to work conditions that allowed for supervisors to use knowledge of her general anxiety condition, which is related to her disability of autism, to create situations that harmed the plaintiff and allowed for supervisors to make claims that the plaintiff was not fit for duty.  These actions were taken against the plaintiff claiming her lack of ability to do her job based on her disability, which is contrary to evidence of plaintiff's work with students, the plaintiff's data proven success rates with increasing student achievement, the thoughts of co-worker who worked directly with the plaintiff, excellent reviews prior to these events, lack of any know parental or student complainants about the plaintiffs work with students, lack of evidence from the defendant to show the plaintiff had failed to write IEP's that were not in compliance with federal regulations, lack of evidence of the plaintiff's ability to run IEP meeting and maintain excellent relationships with parents and students.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State and State of Missouri;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just.

By: /s/ Katherine Baumann
7624 Vermont Avenue, Rear
St. Louis, MO   63111
Telephone: (573) 529-0345
PLAINTIFF