UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KATHERINE BAUMANN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:16-cv-1705-CDP |
| SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY, | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Katherine Baumann for the appointment of counsel. The motion will be denied without prejudice.

The appointment of counsel for an indigent plaintiff in an employment discrimination case lies within the discretion of the Court. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Once the plaintiff alleges a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate her claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995) (*abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005)). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (*citing Edgington*, 52 F.3d at 780).

In some instances, a court may deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other,

whether it would be appropriate to appoint counsel when the above factors are considered. *See id*. For example, discovery may not have begun or may have just begun at the time of the request for appointment of counsel, so there is no conflicting testimony. There may be no indication in the record that the plaintiff is unable to investigate or present her case where she correctly identifies the applicable legal standard governing her claims. Finally, the Court may consider whether the plaintiff's claims involve information that is readily available to her.

In this matter, the Court finds that appointment of counsel is not mandated at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate her claim. She has filed an articulate and readily understood pleading that indicates she is capable of clear expression and appropriate organization of content. Further, the request for counsel is premature, as the defendant has not yet been served with process, and no case management order has been entered. The Court concludes it would not be aided at this time by the appointment of counsel, and will deny the instant motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Katherine Baumann's motion for the appointment of counsel (Docket No. 3) is **DENIED** without prejudice.

Dated this 8th day of of December, 2016.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE